UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JORDAN PATRICK DRUMMOND, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-01195 |
| MIRAMED REVENUE GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, JORDAN PATRICK DRUMMOND ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of MIRAMED REVENUE GROUP, LLC ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 29 year old natural person residing at 539 Hyannis Drive, Avon, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical issues including diabetes, neuropathy, obesity, and cellulitis in both legs.  Due to his various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant, "an affiliate of MiraMed Global Services, Inc., is an all-encompassing resource for healthcare financial services.  We are an experienced and successful healthcare collection agency providing primary and secondary bad debt collection services. Our ability to maximize recoveries is without equal in the industry."[1]  From its headquarters at 991 Oak Creek Drive, Lombard, Illinois, Defendant is in the business of collecting consumer debts for others, including a medical debt allegedly owed by Plaintiff.

8. Defendant is an Illinois corporation that is registered with the Indiana Secretary of State under business identification number 2007081300469.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences, Defendant identifies itself as a debt collector.

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to his conglomeration of health problems, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers that he not been able to satisfy.  As a result,

---

[1] http://www.miramedgs.com/about?id=16

he receives numerous calls and correspondences from various parties seeking payment. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Upon information and belief, many of Plaintiff's medical providers turned the collection of their debts over to various third-party collection agencies, including Defendant.

13. In an effort to identify what outstanding debts he owed, Plaintiff pulled his credit report. Included on the report was an entry with Defendant's name, a company he did not recognize. *See* Exhibit A.

14. On May 6, 2016, Plaintiff called Defendant seeking information as to why it appeared on his credit report. During this call, Plaintiff spoke with a male representative of Defendant named Robert. *Id.*

15. Plaintiff informed Robert that he had pulled his credit report and was looking for information. After Plaintiff provided his social security number and other identification information, Robert stated that he owed $1,244.00 ("subject consumer debt") to Eskenazi Health ("Eskenazi"). *Id.*

16. Upon information and belief, Eskenazi turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

17. Robert represented that Eskenazi did not offer settlement options. *Id.*

18. During the call, Plaintiff told Robert that he was going through health problems and was in the process of seeking financial assistance. *Id.*

19. Robert stated that Defendant's name would not drop off Plaintiff's credit report until the subject consumer debt was paid. *Id.*

20. At no point during the May 6, 2016 phone call did Defendant advise that it was acting as a debt collector. Additionally, Defendant did not disclose that any information it gained during the call would be used for the purpose of debt collection. *Id.*

21. Upon information and belief, Defendant routinely fails to provide the above disclosures during its telephonic debt collection activity.

22. Confused over Defendant's statement regarding credit reporting and ability to seek payment on the subject consumer debt, Plaintiff spoke with CLP regarding his rights.

23. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

24. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

25. Plaintiff has been unfairly misled and harassed by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

28. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the May 6, 2016 call with Plaintiff.  During this call, Defendant did not advise Plaintiff that it was acting in the capacity of a debt collector with regards to the subject consumer debt.  This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers.

29. Given his health problems, Plaintiff is regularly contacted by multiple parties seeking payment of medical debt.  These parties include both original creditors as well as third-party agencies.  The numerous contacts make it very difficult for Plaintiff to comprehend the exact identity of the party he is speaking to without be properly advised.  Plaintiff only learned of Defendant's existence through examination of his credit report.  He was not aware that he was contacting a debt collector at the time of call.   By failing to disclose its identity as a debt collector, Defendant contributed to Plaintiff's confusion.

30. As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosure.  Plaintiff asserts that Defendant routinely ignores to make this disclosures during its telephonic debt collection practices.  Defendant gains an unfair advantage by failing to advise of its status as a debt collector as consumers are more likely to pay an original creditor than a third-party.

31. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."
> 15 U.S.C. §1692e(8).

32. Defendant violated 15 U.S.C. §§1692d, e, e(8), and f during the May 6, 2016 call with Plaintiff.  Defendant stated that the subject consumer debt would not drop off Plaintiff's credit report until it was paid.  As an experienced debt collector, Defendant knows, or should have known, that this was a false statement regarding credit reporting.  Under the parameters of the Fair Credit Reporting Act, the subject consumer debt would drop off Plaintiff's credit report after an elapsed period of time, regardless if it was paid or not.

33. Defendant's communication with Plaintiff was misleading, harassing, and sought to gain an unfair advantage over him.  As plead in paragraphs 22 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JORDAN PATRICK DRUMMOND, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 13, 2016                            Respectfully Submitted,

                                                  s/ Nathan C. Volheim
                                                  Nathan C. Volheim, Esq. #6302103
                                                  David S. Klain, Esq. #66305
                                                  Counsel for Plaintiff
                                                  Admitted in the Southern District of Indiana
                                                  Consumer Law Partners, LLC

435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com